THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

**State Farm Fire and Casualty Company**
a/s/o Marc Gasol

    *Plaintiff*                                           **No. 2:13-cv-2844 / Jury**

**v.**                                                             Anderson/Pham

**Interline Brands, Inc.** and
**Albert Cook Plumbing, Inc.**

    *Defendants*

### Reply in Support of Plaintiff's Second Motion to Compel

Interline characterizes Plaintiff's Second Motion to Compel as one seeking "additional information." It is not that. It is a motion seeking to compel Interline to comply with an Order from this Court that Interline has largely ignored.

    Specifically, the two enumerated subjects in the last paragraph of our opening memorandum [ECF 36-1, PageID 189] are not new requests for information. They are reductions to what this Court has already ordered Interline to produce. After this Court ordered Interline to respond fully to Interrogatories 15 and 16 [ECF 33, PageID 181], we reduced what those interrogatories call for by time (to post-January 1, 2008 claims and lawsuits) and subject matter (to part numbers that share either the coupling nut that failed here or one that is substantially similar in both design and composition). Even with these reductions, most of what Interrogatories 15 and 16 call for remains outstanding.

    Interline does not need "definitive information regarding the part in question" from anyone else to know what we mean here by "substantially similar in design and composition." Because we have defined this phrase in Interline's own terms. It includes those coupling nuts for the "water supply lines" involved in the

"Outstanding Claims" and "Underlying Lawsuits" that Interline itself has defined *as a single occurrence* in the coverage lawsuit it just filed.[1]

Noticeably absent from Interline's response is an explanation for why it has not complied with the Court's August 26 Order. Even now Interline promises only to "endeavor to provide the requested information." The authority we cited for our motion is Federal Rule 37(b)(2)(A). This Rule suggests sanctions for what has occurred here. While we have not requested sanctions, the Court would be well within its discretion to impose them—if only to encourage parties to treat an Order from this Court with a bit more respect.

Wednesday, October 15, 2014
Knoxville, Tennessee

Respectfully submitted,

Quist, Cone & Fisher, PLLC

By: /s/ *Michael A. Durr*
Michael A. Durr (TBA 26746)
800 South Gay Street, Suite 2121
Knoxville, Tennessee 37929
Direct: 865/312-0440
E-Mail: mdurr@qcflaw.com

*Attorney for Plaintiff State Farm Fire and Casualty Company*

---

[1] See the attached correspondence. See also ECF 27-4, PageID 121–23, 126 ("the Underlying Lawsuits and Outstanding Claims arise from a single occurrence, being the distribution in commerce by Interline of a product containing a like alleged design or manufacturing defect.") and ECF 27-5, PageID 148–149 ("[T]he Outstanding Claims are lawsuits identical to the Underlying Lawsuits (and *hundreds of similarly identical suits* that have been previously resolved) in every respect material to the dispositions sought in this case. Indeed, where [Interline] has been, is being, and will continue to be sued in substantially similar lawsuits …" (emphasis added).

## Certificate of Service

I hereby certify that on Wednesday, October 15, 2014 this document was filed electronically through the Court's electronic filing system. This same day this system has provided access to an electronic copy of this document to the following counsel of record through the following e-mail addresses:

- Russell Rutledge
  rutler1@nationwide.com

- Michael Alva Geracioti
  mgeracioti@levineorr.com
  dcooper@levineorr.com

- Linda Alaine Nathenson
  lnathenson@levineorr.com

By: /s/ *Michael A. Durr*
Michael A. Durr